**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JENNIFER KITZ,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5564** |
| | : | |
| **MICHAEL D. KITZ, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**PADOVA, J.** **AUGUST 17, 2026**

Jennifer Kitz, a repeat litigant in this Court, filed this *pro se* case once again asserting claims against her former husband Michael D. Kitz. The Court previously granted Kitz leave to proceed *in forma pauperis* for the case (ECF No. 6) and dismissed a motion for temporary restraining order (*see* ECF Nos. 3, 7). For the following reasons, the Court will dismiss the case with prejudice.

## I. FACTUAL ALLEGATIONS[1]

Kitz, a citizen of Pennsylvania, brings state law claims invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). She has named Michael, a citizen of New Jersey, as the Defendant and seeks damages in excess of $75,000. (Am. Compl. at 4, 5-10.) She asserts claims for negligence, fraudulent concealment, and misrepresentation. (*Id.* 14-17.)

The dispute involves a property in Philadelphia the couple apparently purchased together and that was sold with Michael being both the "buyer" and "seller." (*Id.* at 2.) She claims that Michael "stole her home on March 1, 2018 and advised [her on that day] to clean all of his junk out of the house" because Michael was working. (*Id.* at 5.) "[M]any years later," she discovered that Michael was, in fact, at the settlement that day "stealing my proceeds." (*Id.*) After the settlement was finished, Michael and the real estate agent, Lisa App, "threw [her] out of the house." (*Id.*) There was an additional dispute over charges to remove junk from the house, but she would not accept "the offer from Keller Williams lawyer during [her] civil trial hearing in municipal court." (*Id.*) She refers to another lawsuit that she dropped against a title insurance company that "played a big role with regards to the fraudulent transaction." (*Id.* at 7.)

---

[1] The factual allegations set forth in this Memorandum are taken from Kitz's Amended Complaint ("Am. Compl."). (ECF No. 9.) Because the parties share a last name, the Court will refer to Jennifer Kitz as "Kitz" and Michael D. Kitz as "Michael."

The Amended Complaint was filed following the Court's decision denying Kitz's motion for a temporary restraining order on the ground that Kitz had failed to allege the citizenship of Defendant E & K Realty LLC for purposes of establishing diversity jurisdiction to hear her state law claims. (ECF No. 7.) Kitz dropped E & K Realty LLC as a defendant in the Amended Complaint.

The Amended Complaint is the operative pleading in the case. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).

Kitz asserts that the City of Philadelphia Department of Licenses and Inspections cited the property numerous times in 2022 through 2026. (*Id*. at 10-11.) She also mentions liens on the property due to unpaid utilities and property taxes. (*Id*. at 12.)

Anticipating that her claims against Michael may be untimely, Kitz asks the Court to consider "the efforts that [she] took in trying to uncover the truth earlier and within the {original} statute of limitations but due to the defendants [sic] direct threats or 'blocks', and fraudulent acts that the defendant committed against [her] made it almost impossible for her to get closure." (*Id*. at 21 (second brackets in original).) She asserts that the fact that Michael paid the violations for the property on June 28, 2026 showed that he was the owner, which she "suspected for years . . . but I didn't have any solid proof as I do now." (*Id*.) She also claims that Michael "used multiple ways to manipulate [her] from legally acting in every courthouse here in Philadelphia." (*Id*. at 22.)

The Court takes judicial notice that this is not the first time Kitz has brought suit against Michael claiming he stole the proceeds of the sale of the property. On February 14, 2022, Kitz filed a complaint in Civil Action No. 22-600 naming Michael, Lisa App, Keller Williams Realty, First American Title Insurance Company and others alleging that App failed to act in good faith to look out for her interests in the real estate settlement in March 2018. (*See Kitz v. Kitz*, 22-600 (E.D. Pa.) (ECF No. 2-1 at 1).) In that case she alleged that her father attended the settlement but he also did not look after her interests. She claimed she was due $12,000 from the proceeds but only received $5,000 and Michael "intentionally filled out a deed package for [the] settlement with instructions on where to wire his share of the money from the fraudulent real estate sale." (*Id*. at 2.) She claimed that documents show "the whereabouts of 'the money' that was stolen from [her]." (*Id*. at 3.) In a decision filed on February 18, 2022 (ECF No. 8, 9), the Court dismissed Kitz's federal law claims that were implausibly based on violations of federal criminal statutes and

declined to exercise supplemental jurisdiction over any state law claims. (ECF No. 8 at 4-7.) Because she did not allege diversity jurisdiction, the state law claims were dismissed without prejudice so that she could reassert them in state court. (*Id*. at 7.)

Kitz then filed another complaint under the same civil action number, which the Court directed be used to open a new civil action. That case, Civil Action No. 22-783, named Michael, Keller Williams, First American, and Trusted Settlement Services and alleged that Kitz was a "victim of Fraud, Breach of Contract, Identity theft, [and] False Representation." (*See Kitz v. Kitz*, 22-783 (E.D. Pa.) (ECF No. 2 at 5).) In a decision filed on March 11, 2022, the Court held that the new case presented no federal questions and that Kitz again failed to meet her burden to show diversity of citizenship. (*Id*., ECF No. 53 at 4-5.) The Court noted that, while Kitz demanded as relief that she was entitled to documents, she had attached to the Complaint a number of documents from the sale of the property, including the settlement statement, title insurance commitment, IRS Form 1099-S, real estate tax forms, a pay-off statement, and other documents, that appeared to be the same ones she was seeking. (*Id*. at 2.) The state law claims were again dismissed for lack of subject matter jurisdiction so that she could refile them in state court. (*Id*. at 5.)

## II. STANDARD OF REVIEW

The Court has granted Kitz leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim on which relief may be granted. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 570 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Kitz is proceeding *pro se*, the Court construes her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* (quotation omitted). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245 (citation omitted); *see also Doe v. Allegheny Cnty. Hous. Auth.*, Civ. A. No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

As Kitz no doubt anticipated, the negligence and misrepresentation claims she seeks to assert are time barred.[2] "A complaint is subject to dismissal for failure to state a claim on statute

[2] While Kitz lists fraudulent concealment as a claim, it is, as discussed next, a means by which a limitations period might be extended for other claims. To the extent she meant to allege a state law fraud claim, it is governed by the same limitations period as her other claims.

of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citations omitted); *Dotson v. Galapio*, Civ. A. No. 24-1204, 2024 WL 1736373, at *1 (3d Cir. Apr. 23, 2024) (*per curiam*) (affirming district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) of excessive force claims as time-barred where the expiration of the statute of limitations was apparent on the face of the complaint). "The Court may consider matters of public record as well as documents integral to or explicitly relied upon in the complaint in undertaking this analysis." *Rose v. Pawlowski*, Civ. A. No. 19-3853, 2019 WL 6310247, at *5 (E.D. Pa. Nov. 22, 2019) (citation omitted); *Mulcher v. Greenwald*, Civ. A. No. 15-32, 2015 WL 631027, at *1 (M.D. Pa. Feb. 12, 2015) ("A United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint or from matters of which judicial notice may be had.") (quotation and citation omitted).

Under Pennsylvania law, a two-year statute of limitations applies to a suit to recover damages for injury to person or property, which is founded on negligent, intentional, or otherwise tortious conduct, or any other action or proceeding sounding in trespass, including deceit or fraud. *See* 42 Pa. Cons. Stat. § 5524(7). A cause of action accrues when a plaintiff could first maintain the action to successful conclusion. *Osborne v. Lewis*, 59 A.3d 1109, 1114 (Pa. Super. Ct. 2012) (citing *Kapil v. Assoc. of Pa. State College and Univ. Faculties*, 470 A.2d 482, 485 (Pa. 1983)). However, "[i]t is well-established that Pennsylvania law recognizes [a 'discovery rule'] exception to the statute of limitations which 'delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause.'" *Beauty Time, Inc. v. VU Skin Systems, Inc.*, 118 F.3d 140, 144 (3d Cir. 1997) (quotation omitted). Moreover, when "the *underlying events* being sued upon . . . sound inherently in fraud or deceit .

. . that, without more, will toll the statute of limitations until such time as the fraud has been revealed, or should have been revealed by the exercise of due diligence by the plaintiffs." *Id.* at 146 (first alteration in original) (quoting *Gee v. CBS, Inc.*, 471 F. Supp. 600, 622 (E.D. Pa. March 7, 1979)).

The fraudulent concealment doctrine tolls the statute of limitations where, "through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry." *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237, 248 (Pa. 2021) (quotation omitted). "[I]n order for fraudulent concealment to toll the statute of limitations, the defendant must have committed some affirmative independent act of concealment upon which the plaintiff[ ] justifiably relied." *Leonard v. City of Pittsburgh*, 570 F. App'x 241, 245 (3d Cir. 2014) (alterations in original) (quotation omitted). "Mere mistake, misunderstanding or lack of knowledge is insufficient." *Rice*, 255 A.3d at 248 (quotation omitted). Additionally, as with the discovery rule, to toll the statute of limitations under the doctrine of fraudulent concealment, the plaintiff must exercise reasonable diligence to discover her injury. *Riad v. Wells Fargo Bank*, Civ. A. No. 22-1757, 2023 WL 8676234, *3 (3d Cir. 2023) ("Under both doctrines, estoppel cannot result if the plaintiff did not use 'reasonable diligence to investigate [his] claims.'" (alteration in original) (quotation omitted)).

Kitz's negligence, fraud, and misrepresentation claims arising from the alleged diversion of the proceeds of the March 2018 real estate transaction accrued when she knew, or through the exercise of reasonable diligence should have known, of the injury and its cause. *Beauty Time, Inc.*, 118 F.3d at 144. There is no need to guess when that happened since Kitz actually brought the cause of action in this Court twice in 2022, attaching the real estate settlement documents to her second pleading, meaning that at least by 2022 she knew she had been injured and that the cause

of the injury was that Michael mispresented the amount of proceeds due to her from the sale. *Accord Rose*, 2019 WL 6310247, at *5 ("Here, the allegations of the Complaint . . . and [plaintiff's] own filings in prior litigation reflect that he was aware, or should have been aware with the exercise of due diligence, of the events giving rise to his claims more than two years before he filed his Complaint on August 23, 2019. . . . [Plaintiff] raised essentially identical allegations . . . in a September 30, 2010 complaint he filed against [the same defendant and others]."). While her federal claims were dismissed in both of her prior cases, she was instructed that she could refile her state law claims in state court where the parties' citizenship would not be in issue.

Kitz did not bring this diversity case until 2026, but her state law claims accrued more than two years prior, and there is no basis on which to toll the statute of limitations. Kitz's claim are thus time barred and must be dismissed. An order dismissing the case with prejudice will be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

/s/ John R. Padova, J.

**JOHN R. PADOVA, J.**